# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

MICHAEL MULCAHEY

    Plaintiff,

v.

    Case No.:

CREDENCE RESOURCE MANAGEMENT, LLC,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

8. Plaintiff Michael Mulcahey is a natural person.

9. Plaintiff resides in the City of Kansas City, County of Jackson, State of Missouri.

10. Amy Lewis is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

12. Defendant is a foreign corporation.

13. Defendant maintains a Missouri resident agent of CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

14. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. The principal business of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

17. Sometime prior to the filing of the instant action, a person named Amy Lewis allegedly incurred a financial obligation that was primarily for personal, family or household purposes, (hereinafter the "Account").

18. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The Account went into default with the original creditor.

20. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

21. In the year prior to the filing of the instant action, the Defendant, acting through its representatives, employees and/or agents, placed telephone calls to and left messages at his nursing home telephone number. This telephone number, to protect Plaintiff's privacy, will be provided to Defendant or counsel upon request.

22. Upon information and belief, Defendant possesses recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

23. Upon information and belief, Defendant kept and possesses written documentation and/or computer records of telephone calls between Plaintiff and Defendant's representatives.

24. The purpose of these telephone calls was to attempt to collect the Account.

25. The telephone calls conveyed information regarding the Account directly or indirectly to the Plaintiff.

26. The telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Account.

28. During the telephone calls and voicemails representatives, employees and/or agents of the Defendant attempting to collect the account left voicemail messages which stated they were a debt collector attempting to collect a debt,

overheard by Plaintiff's nursing home staff, which embarrassed Plaintiff, in violation of 15 U.S.C. 1692d.

29. The Defendant continued to call Plaintiff after he advised that Amy Lewis did not reside with him.

30. "The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." <u>Smith v. National Credit Systems, Inc.</u>, 807 F.Supp.2d 836, 840 (D.Az. 2011).

31. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

32. The FDCPA is a remedial statute; it should be construed liberally in favor of the consumer. <u>Johnson v. Riddle</u>, 305 F.3d 1107, 1117 (10th Cir. 2002).

33. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff requests Kansas City, Missouri as the place of trial.

## **DEMAND FOR RELIEF**

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. A judgment in favor of the Plaintiff and against the Defendant.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

          Respectfully submitted,

<u>/s/ J. Mark Meinhardt</u>
J. Mark Meinhardt #53501
Meinhardt Law Firm PLLC
14441 W McDowell B102
Goodyear, AZ 85395
meinhardtaw@gmail.com
Office:913-451-9797
ATTORNEY FOR PLAINTIFF